# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Case No. 11-CR-0136-CVE |
| | ) | |
| JOHN DAN SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion To Dismiss Indictment And Brief In Support (Dkt. # 10). Defendant argues that the indictment does not plead the charged offenses with sufficient particularity and, therefore, does not comply with Fed. R. Crim. P. 7(c)(1). The government responds that the indictment is legally sufficient in that it alleges the essential elements of the offenses charged. Dkt. # 12.

## I.

On September 8, 2011, the Grand Jury returned an indictment charging defendant with one count of distribution and attempted distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252 (b)(1), and one count of possession and attempted possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Count one of the indictment alleges in pertinent part that:

> On or about May 22, 2008, in the Northern District of Oklahoma, the defendant, JOHN DAN SAUL, did knowingly receive and distribute and attempt to receive and distribute any visual depiction that had been mailed, shipped and transported in interstate and foreign commerce, and which contained material which had been so mailed, shipped and transported by any means, including computer, the production of which involved the use of a minor engaging in sexually explicit conduct and which visual depiction was of such conduct.

Dkt. # 2 at 1. Count two of the indictment alleges in pertinent part that:

> On or about June 24, 2008, in the Northern District of Oklahoma, the defendant, JOHN DAN SAUL, did knowingly possess and attempt to possess one or more matters which contained any visual depiction that had been mailed, shipped and transported in interstate and foreign commerce, and which were produced using materials which had been mailed, shipped and transported in interstate and foreign commerce, by any means, including by computer, where the production of such visual depictions involved the use of minors engaging in sexually explicit conduct and the visual depictions of such conduct.

Id. at 2.

Defendant argues that the indictment is insufficient because it "does not state the type of child pornography or visual depictions of such (e.g. digital files), the means by which the images were transported, or where such depictions were stored or possessed." Dkt. # 10 at 2-3. Specifically, defendant objects to the fact that the indictment does not "name any particular file(s) or visual depiction(s), which the grand jury contemplated in charging possession and distribution of child pornography." Id. at 3.

**II.**

The Federal Rules of Criminal Procedure require that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment will be sufficient if it "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Chisum, 502 F.3d 1237, 1244 (10th Cir.2007) (internal quotations omitted). "It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute

2

the offence intended to be punished." United States v. Hathaway, 318 F.3d 1001, 1009 (10th Cir.2003) (internal quotations omitted). Therefore, "where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008) (internal quotations omitted). A challenge to the indictment is not a vehicle for testing the government's evidence. "Rather, '[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.'" United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2008) (quoting United States v. Hall, 20 F.3d 1084, 1087 (10th Cir.1994)).

### III.

The Court has compared the language of the statutes criminalizing distribution and possession of child pornography under § 2252 to the language of the charged counts of the indictment and finds that each count sufficiently alleges the elements necessary to constitute the charged offense. In addition, each count of the indictment sets forth the date of the alleged misconduct as well as the location and the nature of each alleged offense, namely, distribution and possession of child pornography. This is sufficient to put defendant on notice of the charges against him regardless of the fact that the indictment mimics the wording of the statute. See Redcorn, 528 F.3d at 734 (holding that indictment was "entirely sufficient" where it "set[] forth the charged offense in the words of the statute itself, and contain[] the date, place, and nature of the charged illegal activity").

The Tenth Circuit has previously found an indictment under § 2252 sufficient where it contained similar language to the indictment in the present case. See United States v. Riccardi, 405

3

F.3d 852, 865 (10th Cir. 2005). In Riccardi, the indictment alleged that the defendant "knowingly and intentionally possessed one or more materials which contained visual depictions of minors, the production of which involved the use of minors engaging in sexually explicit conduct . . .and were produced using material which had been mailed shipped or transported interstate or foreign commerce [sic] . . ." Id. The Tenth Circuit upheld the trial court's denial of defendant's motion to dismiss the indictment, despite the fact that the indictment did not specifically state the medium in which the child pornography was found, the means by which it was transported in interstate or foreign commerce, a description of the image, or a description of the location or file in which the image was found.[1] Id.

Defendant's argument that the indictment is insufficient because "it does not name any particular file(s) or visual depiction(s), which the grand jury contemplated" is unavailing. Dkt. # 10 at 3. A defendant "is not entitled to all of the evidentiary detail presented to the grand jury." United States v. Wood, 958 F.2d 963, 976 (10th Cir. 1992). Defendant has not cited any legal authority for the proposition that an indictment must particularly identify the images that defendant is charged with distributing and/or possessing, or the particular files in which those images were found. In fact, courts in other jurisdictions have specifically held that the government need not provide such information in an indictment alleging possession of child pornography. See United States v. Woods, 730 F. Supp. 2d 1354, 1374-75 (S.D. Ga. 2010) ("the indictment is sufficient on its face, and Defendant's concern that the specific images he is charged with receiving and

---

[1] The defendant in Riccardi did not raise the argument raised by defendant here, that the indictment was insufficient to put him on notice of the crimes charged. Instead, the issue on appeal in Riccardi was whether defendant's conduct had sufficient connection to interstate commerce. Riccardi, 405 F.3d at 865-70. Nevertheless, the Tenth Circuit held that the indictment, in the form noted above, was not subject to dismissal. Id.

4

possessing are not listed in the indictment is irrelevant to a determination regarding the sufficiency of the indictment"); Wall v. United States, No. 06-CR-400, 2008 WL 3049948, at *5 (N.D.N.Y. Aug. 1, 2008) (noting that indictment charging possession of child pornography "did not need to list all of the images at issue" where the indictment tracked the statutory language and provided approximate date and place of possession).

Having carefully reviewed the indictment and the relevant legal authority, the Court finds that the indictment in this case is not insufficient merely because it lacks certain details such as a description of the images at issue or the names of the files in which they were allegedly found. The indictment sets forth the elements of the charged offense and contains the date, place, and nature of the charged illegal activity. It is thus sufficient to give defendant notice of the charges against him.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Indictment And Brief In Support (Dkt. # 10) is **denied**.

**IT IS SO ORDERED** this 18th day of October, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT